**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**Greenville Division**

| | |
|---|---|
| **JANE ROE,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**FURMAN UNIVERSITY, BETA THETA PI, THE ZETA LAMBDA CHAPTER OF BETA THETA PI, AND JOHN DOE,**<br><br>    **Defendants.** | **Case No. 6:18-cv-01327-DCC** |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff moved the Court for leave to amend her Amended Complaint on October 26, 2018. Plaintiff's counsel first requested that the parties consent to an extension of the October 26, 2018 deadline to amend pleadings on the evening of October 25, 2018, without providing any indication of what such an amendment would be. Then, rather than file a motion to extend the deadline, Plaintiff sent a copy of the proposed amended Complaint forty-five minutes before the start of Defendant's deposition in this matter, which did not provide opportunity for counsel to review the proposal. Counsel for Mr. Doe requested a redline copy to see what amendments were being made in an effort to determine whether consent could be given. Plaintiff's counsel responded that there was not time. No conferring was ever done by counsel for Plaintiff other than sending the proposed amended pleading just as a deposition was starting, a response was made by email to discover more information, and the Motion was filed while the deposition was

still going. Defendant John Doe now files this Memorandum to oppose the Motion to Amend the Complaint.

The proposed amended complaint seeks to add two parties—Sally Smith and James Jones—the former sorority sister of Jane Roe and the former fraternity brother of John Doe. Bafflingly, the proposed amended complaint seeks to add James Jones but does not allege a claim against him. And the sole claim against Sally Smith—defamation—stems out of a spat between former sorority sisters over Sally Smith's criticism of Ms. Roe because of her belief that Ms. Roe fabricated her claims against John Doe. Further, though Ms. Roe claims that she was delayed in amending the complaint because of newly received discovery, *all* of the facts alleged in the amended complaint were known to Ms. Roe at the time she filed her initial complaint. Justice in no way requires these frivolous amendments.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend pleadings] *when justice so requires*." (emphasis added). "It is this Circuit's policy to liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Liberal amendment "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The law, therefore, "is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original; quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.*

Though the right to amend is liberal, the plain text of Federal Rule of Civil Procedure 15(a)(2) permits amendment only *when justice so requires*. Amendment is further not guaranteed, but must be approved by the Court. *United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000). The Rule's requirement that the Court approve the amendment suggests that amendment should not always be granted. *See Forstmann v. Culp*, 114 F.R.D. 83, 86 (M.D.N.C. 1987). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Woodard v. Alquzah*, No. 3:17-cv-1787-MBS, 2018 WL 1316936, at *3 (D.S.C. Mar. 14, 2018). Prejudice is often "determined by the nature of the amendment and its timing." *Id.*

Little to no discovery with nothing changing since the original Complaint was filed does not show prejudice in timing, meaning prejudice does exist where the opposite is true. *See id.*, at *4. Additionally, a mere alternative theory of recovery based on facts already pled is not prejudicial as to the nature of the amendment, meaning new theories based on newly pled facts can be prejudicial. *See id.* Futility of an amendment looks at whether the amendment is "clearly insufficient or frivolous on its face." *Id.* (quoting *City of Charleston, South Carolina v. Hotels.Com, LP*, C/A No. 2:cv-1646-PMD, 487 F.Supp.2d 676, 679 (D.S.C. Apr. 23, 2007)).

An amendment to pleadings that requires a changing of the scheduling order is, in effect, a motion to amend the scheduling order and must be analyzed under a Rule 16(b) "good cause" standard. *See, e.g. Ward v. Beaufort County Detention Ctr.*, No. CIVA 2:04-0792 RBHRS, 2006 WL 2927439, at *2 (D.S.C. Sept. 8, 2006). "The 'good cause' standard in Rule 16(b) differs from the more lenient standard set forth in Rule 15(a)." *Id.* (citing *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co*, 986 F.Supp. 959, 980 (D.S.C. 1997)).

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather it focuses on the diligence of the party seeking

3

> leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Id.* (internal citations omitted).

## ARGUMENT

Plaintiff seeks leave to amend her Complaint to add two parties—Sally Smith and James Jones—but only adds an additional cause of action against Ms. Smith; there is no cause of action in the amended complaint against Mr. Jones. Plaintiff now alleges that, when she returned to Furman's campus in the Fall of 2017, she learned that Ms. Smith and Mr. Jones had heard from Mr. Doe that Ms. Roe falsely accused him of sexual assault. *See* Proposed Amended Complaint (ECF 94.3) at ¶¶ 33 to 34; *see also* John Doe Amended Complaint (ECF 68.3 at ¶¶ 99 to 100). Ms. Roe met with both Ms. Smith and Mr. Jones and told them her side of the story but "both Smith and Jones continued to ignore the plaintiff, to discuss the incident with other Furman students, and to isolate the plaintiff from their social circle." ECF 94.3 at ¶ 35. Ms. Roe now alleges that Ms. Smith and Mr. Jones "followed the plaintiff to an off-campus bar, sat in the table immediately next to the plaintiff, and loudly discussed how the plaintiff had negatively impacted the Zeta Lambda chapter of Beta by reporting John Doe's misconduct." *Id.* at ¶ 38(b). Ms. Roe additionally alleges that Ms. Smith made "several defamatory statements against the plaintiff, including that the plaintiff went shopping for lingerie, that the plaintiff had falsely accused John Doe of sexual assault, that the plaintiff wore revealing clothing, and such other statements as will be shown through discovery and at trial." *Id.* at ¶ 81. Essentially, Ms. Roe seeks to take her fights with her college friends from the campus to the courtroom.

4

She claims in her Memorandum in Support of Plaintiff's Motion for Leave to File an Amended Complaint (ECF 94.1), that her delay in amendment is due to recently received discovery; that is simply untrue. Ms. Roe knew all of this when she filed her complaint on May 10, 2018, and when she filed her amended complaint on June 13, 2018. She admitted in her deposition that she has learned nothing new concerning the two parties she seeks to add as well as any of their actions since she first filed a lawsuit. Further, the amendments reflect events that Ms. Roe either directly experienced or later heard about from other people or read in Furman's investigative report when she read it prior to John Doe's Title IX hearing.

Any joinder of these parties could have been done at the inception of litigation rather than at the end of October with no prior notice other than a few hours during a deposition. Such actions are not indicative of diligent efforts by Plaintiff. The peculiar timing constraints present in this action that were addressed with the court at the Rule 16 conference are completely disregarded by adding parties after significant discovery has occurred, after parties have traveled from out of state for depositions (Plaintiff, Defendant Doe, and Defendant Doe's mother have all been deposed after coming from other states for depositions), and with discovery deadlines fast approaching. This is especially true where all information giving rise to the amendment was known when Plaintiff filed suit and when Plaintiff filed her first Amended Complaint. Plaintiff cannot show good cause for her proposed amending of the Complaint.

The proposed amendments will prejudice John Doe. As to timing, thousands of documents have been exchanged, parties have been deposed, scheduling deadlines are passing, and John Doe's life is on hold due to the nature of the dispute and past Title IX findings by Defendant Furman University. New parties would have an opportunity to respond to pleadings in their own normal time, to start discovery from scratch, to depose again the parties that have

5

already traveled at their own expense from out of state for depositions, and to have scheduling order dates already altered to accommodate parties to be pushed back much further.

The proposed amendments further prejudice Defendants based on the nature of the amendments. The case to this point has centered around an alleged sexual assault and the resulting investigation. Plaintiff seeks to introduce claims for defamation based on subsequent actions of uninvolved persons, greatly expanding the scope and subject matter of the lawsuit. These claims are not sufficiently related to the subject of the present lawsuit. These are new claims based on new facts, known to Plaintiff when she filed suit but not pled in her original or amended Complaints.

The proposed amendments involve futile matters as well. Plaintiff makes clear she is adding two parties but only making claims against one. Adding a party to a lawsuit without asserting legal claims against that party is inherently futile and is evidence of bad faith in the entire amendment. The proposed amendments are just an attempt to push the scheduling order further, to reopen further depositions, to change the scope of the lawsuit, and to bring new matters that could have been raised months ago as they were admittedly known at that time.

Defendant Doe respectfully requests that Plaintiff's Motion to Amend her Amended Complaint be denied because she does not have good cause and because the amendments prejudice other parties, are made in bad faith, and are futile.

Respectfully submitted,

*s/ Peter E. Farr*
Peter E. Farr (Fed. ID 09709)
Ronald B. Diegel (Fed. ID 05827)
4406-B Forest Drive
Post Office Box 6648
Columbia, South Carolina 29260

        T: (803) 782-4100
        F: (803) 782-4140
        pfarr@murphygrantland.com
        rbdiegel@murphygrantland.com

        ***s/ Joshua Snow Kendrick***
        Joshua Snow Kendrick (Fed ID 9037)
        Kendrick & Leonard, P.C.
        506 Pettigru Street
        Greenville, SC 29601
        T: (864) 760-4000
        Josh@KendrickLeonard.com

        Justin Dillon (*pro hac vice*)
        Emily Voshell (*pro hac vice*)
        KaiserDillon PLLC
        1401 K Street NW, Suite 600
        Washington, DC 20005
        T: (202) 640-2850
        F: (202) 280-1034
        jdillon@kaiserdillon.com
        evoshell@kaiserdillon.com

DATED:  November 9, 2018        *Attorneys for John Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2018, a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Amended Complaint was served upon counsel of record via the Court's electronic filing system.

*s/ Joshua Snow Kendrick*
Joshua Snow Kendrick