IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
Civil Action No. 6:18-CV-01327-DCC

| | |
|---|---|
| JANE ROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FURMAN UNIVERSITY, BETA THETA PI, THE ZETA LAMBDA CHAPTER OF BETA THETA PI, AND JOHN DOE, | ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT FURMAN UNIVERSITY'S ANSWER TO JANE ROE'S SECOND AMENDED COMPLAINT

The Defendant Furman University (hereinafter "Furman" or "this Defendant"), by and through counsel, and responds to Plaintiff Jane Roe's Second Amended Complaint (ECF No. 111) as follows:

### FIRST DEFENSE

The Second Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted as to this Defendant and should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

To the extent not specifically admitted, modified or explained, the allegations in the Second Amended Complaint, including, but not limited to, any allegations and/or prayers for relief set forth in the following paragraphs, are denied.

## THIRD DEFENSE
**(Specifically Responding to the Numbered Allegations of the Second Amended Complaint)**

### RESPONDING TO "PARTIES, JURISDICTION, AND VENUE"

1. The allegations contained in Paragraph 1 are admitted upon information and belief.

2. With respect to the allegations contained in Paragraph 2, it is admitted that Furman is an undergraduate liberal arts university located in Greenville, South Carolina. It is further admitted that Furman offers various graduate degree programs. Except as expressly admitted, the allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 are admitted upon information and belief.

4. The allegations contained in Paragraph 4 are admitted upon information and belief.

5. The allegations contained in Paragraph 5 are admitted.

6. The allegations contained in Paragraph 6 are admitted.

7. Paragraph 7 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, Furman does not challenge the United States District Court for the District of South Carolina's jurisdiction over this matter, or that the Greenville Division of this Court is the proper venue. Except as expressly admitted, the allegations contained in Paragraph 7 are denied.

### RESPONDING TO "FACTUAL BACKGROUND"

8. For its answer to Paragraph 8, Furman re-alleges and incorporates by reference its answers to Paragraphs 1 through 7 set forth above.

9. The allegations contained in Paragraph 9 are admitted.

10. The allegations contained in Paragraph 10 are admitted.

11. With respect to the allegations contained in Paragraph 11, it is admitted that John Doe joined the Zeta Lambda Chapter of Beta Theta Pi in or around the spring of 2017. Except as expressly admitted, the allegations of Paragraph 11 are denied for lack of information or knowledge sufficient to form a belief.

12. The allegations contained in Paragraph 12 are admitted upon information and belief.

13. With respect to the allegations contained in Paragraph 13, it is admitted upon information and belief that Plaintiff attended an off-campus party at a house affiliated with the Beta Theta Pi fraternity on the evening of April 22, 2017. It is further admitted upon information and belief that other Furman students and members of the Zeta Lambda chapter of Beta Theta Pi fraternity attended this party. Except as expressly admitted, the allegations of Paragraph 13 are denied for lack of information or knowledge sufficient to form a belief.

14. The allegations of Paragraph 14 state a legal conclusion that do not pertain to this Defendant. To the extent Paragraph 14 alleges facts to which a response is deemed to be required, the allegations are denied for lack of information or knowledge sufficient to form a belief.

15. The allegations of Paragraph 15 state a legal conclusion that do not pertain to this Defendant. To the extent Paragraph 15 alleges facts to which a response is deemed to be required, it is admitted that John Doe reported consuming alcohol at the party on the evening of April 22, 2017. It is further admitted that the level of John Doe's intoxication was described by witnesses in interviews given and statements made in connection with Furman's investigation into Jane Roe's allegations of sexual misconduct by John Doe, which interviews and statements

appear in writing and Jane Roe is referred to the documents for the language contained therein. It is further admitted upon information and belief that Jane Roe and John Doe had sexual contact after leaving the party, and that Jane Roe and John Doe's accounts of the circumstances surrounding this sexual contact are set forth in their interviews and statements made in connection with Furman's investigation into Jane Roe's allegations of sexual misconduct by John Doe, which interviews and statements appear in writing and Jane Roe is referred to the documents for the language contained therein. Except as expressly admitted, the allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are admitted upon information and belief.

17. With respect to the allegations contained in Paragraph 17, it is admitted that Jane Roe reported inviting John Doe to sleep on her couch after he indicated to her that he could not return to his dorm room because his roommate had female company and wanted privacy. Except as expressly admitted, the allegations contained in Paragraph 17 are denied.

18. With respect to the allegations contained in Paragraph 18, it is admitted that Jane Roe reported inviting John Doe to sleep on the couch in her apartment, which she shared with three suitemates. It is further admitted that John Doe reported going with Jane Roe to her apartment after the party, but denied that there was any plan for him to sleep on the couch. Except as expressly admitted, the allegations contained in Paragraph 18 are denied.

19. With respect to the allegations contained in Paragraph 19, it is admitted upon information and belief Jane Roe and John Doe took an Uber from the party to Jane Roe's apartment. It is further admitted that Jane Roe provided an Uber receipt during Furman's investigation into Jane Roe's allegations of sexual misconduct against John Doe, which receipt appears in writing and Jane Roe is referred to the document for the language contained therein.

Except as expressly admitted, the allegations contained in Paragraph 19 are denied for lack of information or knowledge sufficient to form a belief.

20.     With respect to the allegations in Paragraph 20, it is admitted that Jane Roe reported inviting John Doe to sleep on the couch in her apartment. It is further admitted that John Doe reported going with Jane Roe to her apartment after the party, but denied that there was any plan for him to sleep on the couch. It is further admitted upon information and belief that Jane Roe and John Doe went to Jane Roe's apartment in the early morning hours of April 23, 2017 and that they had sexual contact in Jane Roe's bedroom. Except as expressly admitted, the allegations contained in Paragraph 20 are denied.

21.     With respect to the allegations contained in Paragraph 21, it is admitted upon information and belief that Jane Roe and John Doe had sexual contact in Jane Roe's bedroom in the early morning hours of April 23, 2017. It is further admitted that Jane Roe and John Doe's accounts of the circumstances surrounding this sexual contact, including the level of their intoxication, are set forth in their interviews given and statements made in connection with Furman's investigation into Jane Roe's allegations of sexual misconduct by John Doe, which interviews and statements appear in writing and Jane Roe is referred to the documents for the language contained therein. Except as expressly admitted, the allegations of Paragraph 21 are denied for lack of information or knowledge sufficient to form a belief.

22.     With respect to the allegations contained in Paragraph 22, it is admitted that Jane Roe and John Doe reported falling asleep after they had sexual contact in Jane Roe's bedroom. It is further admitted that Jane Roe and John Doe reported that John Doe left his underwear upon dressing and leaving Jane Roe's apartment the next morning. Except as expressly admitted, the allegations of Paragraph 22 are denied for lack of information or knowledge sufficient to form a

belief.

23. With respect to the allegations contained in Paragraph 23, it is admitted that Jane Roe reported discussing the events of April 22/23, 2017 with her boyfriend and best friend on April 23, 2017. It is further admitted that the accounts of these conversations are set forth in each person's interviews given and statements made in connection with Furman's investigation into Jane Roe's allegations of sexual misconduct by John Doe, which interviews and statements appear in writing and Jane Roe is referred to the documents for the language contained therein. Except as expressly admitted, the allegations of Paragraph 23 are denied.

24. With respect to the allegations contained in Paragraph 24, it is admitted upon information and belief that Jane Roe/Witness A and John Doe exchanged a series of text messages on April 23, 2017, which text messages appear in writing and John Doe is referred to the documents for the language contained therein. It is further admitted that John Doe reported that he called his mother on the evening of April 23, 2017. Except as expressly admitted, the allegations of Paragraph 24 are denied for lack of information or knowledge sufficient to form a belief.

25. With respect to the allegations contained in Paragraph 25, it is admitted that the fraternity of the Zeta Lambda Chapter of Beta Theta Pi reported speaking with John Doe concerning Jane Roe's allegations of sexual misconduct. It is further admitted that the substance of this conversation is are set forth in the interviews and statements made in connection with Furman's investigation into Jane Roe's allegations of sexual misconduct by John Doe, which interviews and statements appear in writing and Jane Roe is referred to the documents for the language contained therein. Except as expressly admitted, the allegations of Paragraph 25 are denied.

26. With respect to the allegations contained in Paragraph 26, it is admitted upon information and belief that the Zeta Lambda Chapter of Beta Theta Pi did not conduct an internal investigation Jane Roe's allegations of sexual misconduct by John Doe. Except as expressly admitted, the allegations of Paragraph 26 are denied for lack of information or knowledge sufficient to form a belief.

27. With respect to the allegations contained in Paragraph 27, it is admitted upon information and belief that Jane Roe was seen and examined at the Emergency Department of Greenville Memorial Hospital on April 24, 2017. It is further admitted that the medical records pertaining to this emergency department visit appear in writing and Jane Roe is referred to the documents for the language contained therein. Except as expressly admitted, the allegations of Paragraph 27 are denied.

28. With respect to the allegations contained in Paragraph 28, it is admitted upon information and belief that Jane Roe moved to Colorado following the spring 2017 semester. It is further admitted that Jane Roe reported feeling like she was being treated differently by her friends following her report of sexual misconduct by John Doe. It is further admitted that Jane Roe alleges in this lawsuit to have suffered from emotional distress during the summer and upon her return to Furman in the fall of 2017. Except as expressly admitted, the allegations of Paragraph 28 are denied for lack of information or knowledge sufficient to form a belief.

29. The allegations of Paragraph 29 are denied for lack of information or knowledge sufficient to form a belief.

30. With respect to the allegations contained in Paragraph 30, it is admitted that Jane Roe reported feeling like she was being treated differently by her friends following her report of sexual misconduct by John Doe. Except as expressly admitted, the allegations contained in

Paragraph 30 are denied for lack of information or knowledge sufficient to form a belief.

31. With respect to the allegations contained in Paragraph 31, it is admitted that Jane Roe reported being informed by Witness A that Witness C had told various persons John Doe's account of the sexual encounter between John Doe and Jane Roe and, further that those persons believed John Doe's account of events as relayed by Witness C. Except as expressly admitted, the allegations of Paragraph 31 are denied for lack of information or knowledge sufficient to form a belief.

32. With respect to the allegations contained in Paragraph 32, it is admitted that Jane Roe reported that in the fall of 2017, several members of the Zeta Lambda chapter of Beta Theta Pi learned of Jane Roe's allegations of sexual misconduct by John Doe. It is further admitted that Jane Roe reported that upon learning this information, several members of the Zeta Lambda chapter of Beta Theta Pi disassociated from the fraternity because of the fraternity's lack of response to Jane Roe's allegations. Except as expressly admitted, the allegations contained in Paragraph 32 are denied for lack of information or knowledge sufficient to form a belief.

33. With respect to the allegations contained in Paragraph 33, it is admitted upon information and belief that several members of the Zeta Lambda chapter of Beta Theta Pi disaffiliated from the fraternity. Except as expressly admitted, the allegations of Paragraph 33 are denied for lack of information or knowledge sufficient to form a belief.

34. The allegations contained in Paragraph 34, including each and every subparagraph thereof, are denied for lack of information or knowledge sufficient to form a belief.

35. The allegations contained in Paragraph 35 are not directed to this Defendant and therefore do not require an answer. To the extent an answer is deemed to be required, the allegations of Paragraph 35 are denied for lack of information or knowledge sufficient to form a

belief.

36. With respect to the allegations contained in Paragraph 36, it is admitted that on or about October 23, 2017, Jane Roe made a complaint of sexual misconduct related to her encounter with John Doe to Kristen Davis, Furman's Deputy Title IX Coordinator. It is further admitted that Melissa Nichols, Furman's Title IX Coordinator, was not in the office at that time. Except as expressly admitted, the allegations of Paragraph 36 are denied.

37. With respect to the allegations contained in Paragraph 37, it is admitted that that following Jane Roe's report of sexual misconduct by John Doe, Furman commenced an investigation into her complaint. It is further admitted that Furman's 2016-2017 Sexual Misconduct Policy provided guidelines applicable to the investigation, which policy appears in writing and Jane Roe is referred to the document for the language contained therein. Except as expressly admitted, the allegations of Paragraph 37 are denied.

38. The allegations contained in Paragraph 38 are admitted.

39. The allegations contained in Paragraph 39, including all subparagraphs thereof, are denied.

40. The allegations contained in Paragraph 40 are denied as to this Defendant.

41. The allegations contained in Paragraph 41 are denied as to this Defendant.

42. The allegations contained in Paragraph 42 are denied as to this Defendant.

43. The allegations contained in Paragraph 43 are denied as to this Defendant.

44. The allegations contained in Paragraph 44 are denied as to this Defendant.

45. Paragraph 45 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 45 are denied.

## RESPONDING TO "FOR A FIRST CAUSE OF ACTION"
### (Common Law Liability for Negligence, Gross Negligence, and Recklessness)

46. For its answer to Paragraph 46, Furman re-alleges and incorporates by reference its answers to Paragraphs 1 through 45 set forth above.

47. Paragraph 47 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, it is admitted that Furman owed those duties that are imposed by law and specifically denies that any such alleged duty was breached. Except as expressly admitted, the allegations contained in Paragraph 47 are denied.

48. The allegations of Paragraph 48 state a legal conclusion that do not pertain to this answering Defendant. To the extent the allegations of Paragraph 48 require a response, the allegations contained in Paragraph 48 are denied for lack of information and knowledge sufficient to form a belief as to this answering Defendant.

49. Paragraph 49 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations contained in Paragraph 49 are denied.

50. The allegations contained in Paragraph 50, including all subparagraphs thereof, are denied as to this Defendant.

51. The allegations contained in Paragraph 52 are denied as to this Defendant.

52. Paragraph 52 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 52 are denied.

### RESPONDING TO "FOR A SECOND CAUSE OF ACTION"
**(Negligent Hiring, Supervision, and Retention)**

53. For its answer to Paragraph 53, Furman re-alleges and incorporates by reference its answers to Paragraphs 1 through 52 set forth above.

54. Paragraph 54 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, it is admitted that Furman had those duties as are imposed by law and denies that any alleged duty was breached. Except as expressly admitted, the allegations contained in Paragraph 54 are denied as to this Defendant.

55. Paragraph 55 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, it is admitted that Furman had those duties as are imposed by law and denies that any alleged duty was breached. Except as expressly admitted, the allegations contained in Paragraph 55 are denied as to this Defendant.

56. The allegations contained in Paragraph 56, including all subparagraphs thereof, are denied as to this Defendant.

57. The allegations contained in Paragraph 57 are denied as to this Defendant.

58. Paragraph 58 does not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 58 are denied.

### RESPONDING TO "FOR A THIRD CAUSE OF ACTION"
**(Violation of the S.C. Constitution, the U.S. Constitution, & 42 U.S.C. § 1983)**

59. For its answer to Paragraph 59, Furman re-alleges and incorporates by reference its answers to Paragraphs 1 through 58 set forth above.

60. With respect to the allegations contained in Paragraph 60, it is admitted that the United States Constitution and the South Carolina Constitution are documents that appear in writing and Jane Roe is referred to the documents for the language contained therein. Except as expressly admitted, the allegations of Paragraph 60 are denied.

61. Paragraph 61 not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, it is admitted that the United States Constitution is a document that appears in writing and Jane Roe is referred to the document for the language contained therein. Except as expressly admitted, the allegations of Paragraph 61 are denied.

62. Paragraph 62 not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, it is admitted that Furman had a Sexual Misconduct Policy in place at the time of the events described in Jane Roe's Second Amended Complaint. It is further admitted that Furman strongly encourages students who have experienced any unwelcome conduct of a sexual nature to promptly report the offending conduct to its Title IX Coordinator. Except as expressly admitted, the allegations contained in Paragraph 62 are denied.

63. The allegations contained in Paragraph 63 are denied.

64. The allegations contained in Paragraph 64, including all subparagraphs thereof, are denied as to this Defendant.

65. The allegations contained in Paragraph 65 are denied.

66. The allegations contained in Paragraph 66 are denied.

67. The allegations contained in Paragraph 67 are denied as to this Defendant.

68. Paragraph 68 not contain allegations of fact, but rather states conclusions of law

to which no response is required. To the extent a response is deemed to be required, the allegations contained in Paragraph 68 are denied as to this Defendant.

69. Paragraph 69 not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 69 are denied.

## RESPONDING TO "FOR A FOURTH CAUSE OF ACTION"
### (Violation of Title IX, 20 U.S.C. § 1681)

70. For its answer to Paragraph 70, Furman re-alleges and incorporates by reference its answers to Paragraphs 1 through 69 set forth above.

71. With respect to the allegations contained in Paragraph 71, it is admitted that Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681, is a document that appears in writing and Jane Roe is referred to the document for the language contained therein. Except as expressly admitted, the allegations of Paragraph 71 are denied.

72. With respect to the allegations contained in Paragraph 72, it is admitted that Furman is subject to Title IX. It is further admitted that Furman has a Title IX Coordinator and Deputy Title IX Coordinators. It is further admitted that Furman had a Sexual Misconduct Policy in place at the time of the events described in the Second Amended Complaint. Except as expressly admitted, the allegations of Paragraph 72 are denied.

73. The allegations contained in Paragraph 73, including all subparagraphs thereof, are denied.

74. The allegations contained in Paragraph 74, including all subparagraphs thereof, are denied.

75. The allegations contained in Paragraph 75 are denied.

76. Paragraph 76 not contain allegations of fact, but rather states conclusions of law

to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 76 are denied.

### RESPONDING TO "FOR A FIFTH CAUSE OF ACTION"
(Dram Shop Liability/Social Host Liability)

77. For its answer to Paragraph 77, Furman re-alleges and incorporates by reference its answers to Paragraphs 1 through 76 set forth above.

78. The allegations contained in Paragraph 78 state legal conclusions that do not pertain to this answering Defendant. To the extent a response is deemed to be required, the allegations of Paragraph 78 are denied for lack of information and knowledge sufficient to form a belief.

79. The allegations contained in Paragraph 79 state legal conclusions that do not pertain to this answering Defendant. To the extent a response is deemed to be required, the allegations of Paragraph 79 are denied for lack of information and knowledge sufficient to form a belief.

80. The allegations contained in Paragraph 80 state legal conclusions that do not pertain to this answering Defendant. To the extent a response is deemed to be required, the allegations of Paragraph 80 are denied for lack of information and knowledge sufficient to form a belief.

81. The allegations contained in Paragraph 81 state legal conclusions that do not pertain to this answering Defendant. To the extent a response is deemed to be required, the allegations of Paragraph 81 are denied for lack of information and knowledge sufficient to form a belief.

82. The allegations contained in Paragraph 82 state legal conclusions that do not pertain to this answering Defendant. To the extent a response is deemed to be required, the

allegations of Paragraph 82 are denied for lack of information and knowledge sufficient to form a belief.

83. Paragraph 83 not contain allegations of fact, but rather states conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 83 are denied as to this Defendant.

### FOURTH DEFENSE
### (Intervening, Superseding Negligence)

If it is determined that this Defendant was negligent, which negligence is again specifically denied, then this Defendant alleges that Jane Roe's damages, if any, were directly and proximately caused by the intentional and/or negligent acts of other parties over whom this Defendant had no control and whose acts this Defendant had no reason to anticipate. These intentional and/or negligent acts intervened, insulated, and superseded the alleged negligence of this Defendant and are pled as a complete bar to all claims in Jane Roe's Second Amended Complaint.

### FIFTH DEFENSE
### (Acts or Omissions of Third Parties)

Jane Roe's claims are barred because any damages suffered by Jane Roe, which are denied, were solely due to and caused by the negligence, gross negligence, recklessness, carelessness, willfulness and/or wantonness of parties, persons, or entities other than Furman, over whom Furman had no control. Alternatively, Jane Roe's recovery, if any, against Furman should be no greater than the amount or percentage that Furman's alleged negligence, which is adamantly denied, contributed to Jane Roe's alleged damages, which are also denied.

### SIXTH DEFENSE
### (Punitive Damages)

Furman alleges that the conduct complained of, which is denied, was not such conduct as would entitle Jane Roe to an award of exemplary or punitive damages against Furman.

### SEVENTH DEFENSE
### (Unconstitutionality of Punitive Damages)

Furman denies Jane Roe's demand for punitive damages. An award of punitive damages under South Carolina law violates the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 3 of the Constitution of the State of South Carolina in that:

(1) The judiciary's ability to correct a punitive award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

(2) Any award of punitive damages seeking a compensatory function is inconsistent with due process guarantees:

(3) Any award of punitive damages based upon the wealth of the defendant violates due process guarantees;

(4) The jury's unfettered power to award punitive damages is wholly devoid of meaningful standards, which is inconsistent with due process guarantees;

(5) The standard for punitive damages is void for vagueness; and

(6) Jane Roe's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the party against whom recovery is

sought.

## EIGHTH DEFENSE
### (Limitations on Punitive Damages)

Furman pleads any and all standards of limitation regarding the determination of the amount and/or enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and their progeny. Gibbs also pleads S.C. Code §15-32-510 *et. seq.* as a defense.

## NINTH DEFENSE
### (Punitive Damages)

With respect to Jane Roe's purported claim for punitive damages, this Defendant avers that punitive damages are unconstitutional on the grounds that an award of punitive damages would contravene the provisions of the Constitution of the United States and the Constitution of South Carolina.

## TENTH DEFENSE
### (Waiver/Estoppel)

Jane Roe's claims are barred by the doctrines of waiver and estoppel.

## ELEVENTH DEFENSE
### (Unclean Hands)

Jane Roe's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH DEFENSE
### (Mistake)

Jane Roe's claims are barred, in whole or in part, by the doctrine of mistake.

## THIRTEENTH DEFENSE
### (Incorporation of Defenses of the Other Defendants)

To the extent applicable, Furman also asserts as a defense any defense that might be

applicable to it asserted by the other parties in this matter.

## FOURTEENTH DEFENSE
### (Reservation of Rights)

Furman University hereby gives notice that it reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise, and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully responded to the allegations of Jane Roe's Second Amended Complaint, it is requested that the Court award the following relief:

1. Dismiss the claims in Jane Roe's Second Amended Complaint with prejudice;

2. Declare that Jane Roe is entitled to no recovery;

3. Tax the costs of this action, including attorneys' fees, against Jane Roe;

4. Grant a trial by jury on all issues so triable;

5. Award such other and further relief in favor of Furman as the Court shall deem just and proper.

Respectfully submitted,

s/ Kevin A. Dunlap
Kevin A. Dunlap
Federal Bar No. 5564
Parker Poe Adams & Bernstein LLP
100 Dunbar Street, Suite 206
Spartanburg, South Carolina  29306
Office: (864) 591-2030
Facsimile: (864) 591-2050
kevindunlap@parkerpoe.com

February 4, 2019
Spartanburg, South Carolina

## CERTIFICATE OF SERVICE

I certify that the foregoing **Defendant Furman University's Answer to Jane Roe's Second Amended Complaint** was electronically filed and served upon counsel of record via the Court's CM/ECF system as follows:

| | |
|---|---|
| Joshua T. Hawkins<br>Helena L. Jedziniak<br>Hawkins & Jedziniak, LLC<br>1225 South Church Street<br>Greenville, SC  29605 | Sterling Davies<br>McAngus Goudelock & Courie<br>Meridian, 10th Floor<br>1320 Main Street<br>Columbia SC 29201 |
| Stanley T. Case<br>Butler, Means, Evins & Browne, P.A.<br>234 North Church Street<br>P.O. Drawer 451<br>Spartanburg, SC 29304 | Bo Williams<br>McAngus Goudelock & Courie<br>Two Liberty Square<br>75 Beattie Place, Suite 300<br>Greenville, SC 29601 |
| *Attorneys for Plaintiff* | *Attorneys for Beta Theta Pi* |
| Joshua Snow Kendrick<br>506 Pettigru Street<br>Greenville, SC 29601 | Rita Bolt Barker<br>McKinley Hyman<br>Wyche Law Firm<br>44 East Camperdown Way<br>Greenville, SC 29601<br>*Attorney for the Zeta Lambda Chapter of Beta Theta Pi* |
| Peter E. Farr<br>Ronald B. Diegel<br>Murphy & Grantland, P.A.<br>P.O. Box 6648<br>Columbia, SC  29260 | |
| Justin Dillon<br>Emily Voshell<br>William Pittard<br>KaiserDillon, PLLC<br>1401 K Street NW, Ste., 600<br>Washington, DC 20005 | |
| *Attorneys for John Doe* | |
| | s/ Kevin A. Dunlap<br>Kevin A. Dunlap<br>Federal Bar No. 5564<br>S.C. Bar No. 13081<br>Parker Poe Adams & Bernstein LLP<br>100 Dunbar Street, Suite 206<br>Spartanburg, South Carolina  29306<br>p:  (800) 727-8042<br>f:  (864) 591-2050 |
| February 4, 2019<br>Spartanburg, South Carolina | kevindunlap@parkerpoe.com |